UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
AINSLEY L.,

                        Plaintiff,            DECISION AND ORDER
                                              1:25-cv-00536-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

        In March of 2022, Plaintiff Ainsley L.[1] applied for Disability Insurance

Benefits under the Social Security Act. The Commissioner of Social

Security denied the application.  Plaintiff, represented by Roth Law Group,

PLLC, Warren Jeffrey Roth, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 9).

        This case was referred to the undersigned on December 1, 2025.

Presently pending is Plaintiff's Motion to Remand and/or Judgement on the

Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

(Docket No. 11). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on March 30, 2022, alleging disability beginning July 23, 2018. (T at 215-16).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on March 19, 2024, before ALJ Michael Stacchini. (T at 41-74). Plaintiff appeared with an attorney and testified. (T at 49-68). The ALJ also received testimony from Michele Erbacher, a vocational expert. (T at 69-73).

### B.    *ALJ's Decision*

On April 17, 2024, the ALJ issued a decision denying the application for benefits. (T at 14-40).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 23, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 19).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

The ALJ concluded that Plaintiff's lumbar degenerative disc disease, left knee derangement/meniscus tear/osteoarthritis, and left elbow osteoarthritis were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he must be permitted regularly scheduled breaks of 15 minutes in the morning and afternoon and half hour to hour midday; he can only perform occasional climbing of ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and he must avoid unprotected heights, hazardous machinery, and restraining third parties. (T at 24).

The ALJ concluded that Plaintiff could not perform his past relevant work as a correction officer. (T at 32).  However, considering Plaintiff's age (42 on the alleged onset date and 47 on the date of the decision), education (at least high school), work experience, and RFC, the ALJ

determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 32-33).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between July 23, 2018 (the alleged onset date) and April 17, 2024 (the date of the ALJ's decision). (T at 33-34).

On November 18, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on January 17, 2025. (Docket No. 1).  On July 17, 2025, Plaintiff filed a Motion to Remand and/or for Judgment on the Pleadings. (Docket No. 11).  The Commissioner interposed a brief in opposition on September 19, 2025. (Docket No. 12).

## II. APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

4

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B.    Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

6

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimants can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff's primary argument is that the ALJ's RFC determination is not supported by substantial evidence.

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, *2 (July 2, 1996)).

When assessing a claimant's RFC, an ALJ is obligated to consider medical opinions on a claimant's functioning based on an assessment of

the record as a whole. 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

It is the Commissioner's role to weigh medical opinion evidence and to resolve conflicts in that evidence. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *Veino v. Barnhart*, 312 F. 3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

Here, the ALJ concluded that Plaintiff could not perform his past relevant work but retained the RFC to perform a reduced range of sedentary work. (T at 24).  The Court finds the ALJ's determination is consistent with applicable law and is supported by substantial evidence. Here's why.

Dr. Bradley White, an orthopedic surgeon, performed an independent medical examination in October of 2018 in connection with Plaintiff's claim for workers' compensation benefits.  He diagnosed a resolved contusion on Plaintiff's left elbow and left knee sprain with medial meniscal tear. (T at 311).  Dr. White opined that Plaintiff could return to work, provided he was not required to engage in prolonged standing or walking or lift more than 25

pounds, and recommended that Plaintiff avoid restraining inmates. (T at 311).

Dr. Julia Kaci performed a consultative examination in July of 2023. She diagnosed chronic, intermittent left knee pain; chronic lower back pain; and anxiety. (T at 1881).  She assessed moderate limitations in Plaintiff's ability to perform prolonged standing, walking, climbing stairs, lifting, carrying, kneeling, squatting, pushing, and pulling. (T at 1881).

Two State Agency review physicians, Dr. Gandhi and Dr. Sharif-Najafi, opined that Plaintiff could occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for 4 hours in an 8-hour workday; and sit for more than 6 hours in an 8-hour workday. (T at 89, 102).

The ALJ did not find any of these opinions fully persuasive and concluded that Plaintiff was more limited in his ability to meet the physical demands of basic work activity. (T at 28-32).

The opinions provide support for the ALJ's overall conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original) (collecting cases);

9

*see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

The ALJ also provided a detailed review of the treatment record (T at 24-28), which documented pain and limitation, with general findings of full strength and normal gait, and reasonably found the record inconsistent with disabling impairment. (T at 415, 553, 954-55, 1324-25, 1335-36, 1415-16, 1421-23, 1435-36, 1797-98, 1880-81, 1889-90, 1905, 1939, 1996-97). *See Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.")(emphasis in original) (citation and internal quotation marks omitted); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Likewise, the ALJ's conclusion that Plaintiff's mental impairments did not cause more than minimal limitations in in his ability to perform basic mental work activities is supported by substantial evidence.  This determination is consistent with the opinions of the non-examining State Agency review physicians (T at 86, 100-01) and is supported by appropriate consideration of Plaintiff's activities of daily living, which

10

included shopping, driving, and childcare. (T at 51-52, 1431, 1793, 1876).
*See Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

While the evidence documents that Plaintiff suffers from some pain and limitation the ALJ did not dismiss this evidence, but instead found Plaintiff limited to a reduced range of sedentary work. (T at 24).

"[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the RFC determination, including a reasonable reading of the treatment notes and clinical assessments, an appropriate reconciliation of the medical opinion evidence, and proper consideration of the activities of daily living.  This is sufficient to sustain the decision under the deferential standard of review applicable here.

Plaintiff also makes a conclusory challenge to the age category employed by the ALJ.

11

In performing the step five analysis, the ALJ considers, *inter alia*, the claimant's age.  The applicable regulations recognize the following age categories: "younger person" (under age 50), "person closely approaching advanced age" (50–54), and "person of advanced age" (55 or older). *See* 20 C.F.R § 404.1563.

ALJs are instructed, however, not to apply "the age categories mechanically in a borderline situation." 20 C.F.R. § 404.1563(b).  If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors …." *Id.*

If a claimant's age is "borderline" and the ALJ does not consider whether the higher age category should be applied, remand is warranted if using a higher age category would entitle the claimant to benefits. *Woods v. Colvin*, 218 F. Supp. 3d 204, 207 (W.D.N.Y. 2016).

Here, Plaintiff was 42 years old and 47 on the date of the decision so the ALJ applied the "younger individual" age category. (T at 32).

Plaintiff contends this was error because he was "almost 50 years of age" on the date of the ALJ's decision. (Docket No. 11, at p. 4).

Plaintiff was born on May 6, 1976 (T at 32) and thus was more than two years from turning 50 as of the date of the ALJ's decision. This fails to qualify as a "borderline" situation and thus the Court finds no error in the ALJ's step five analysis. *See Adams v. Colvin*, No. 2:14-CV-201, 2015 WL 5147075, at *27 (D. Vt. Aug. 31, 2015)(finding ALJ was not required to consider older age category where claimant "was more than two years from his fiftieth birthday" on the date of decision); *Pickard v. Comm'r of Soc. Sec.*, 224 F. Supp. 2d 1161, 1168 (W.D. Tenn. 2002)("The Regulations do not define the term 'borderline situation.' The courts have attempted to do so, generally concluding that the borderline range falls somewhere around six months from the older age category.")(collecting cases).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and/or for Judgment on the Pleadings (Docket No. 11) is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: February 6, 2026                       s/ Gary R. Jones

GARY R. JONES
United States Magistrate Judge